# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2026

Lyle W. Cayce
Clerk

No. 25-11150
Summary Calendar

Eugene Ezenwa Ebem,

*Plaintiff—Appellant*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*;
Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; Joseph B. Edlow, *Director, U.S. Citizenship and Immigration Services*; Lisa Kehl, *USCIS District Director, Dallas Field Office*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:24-CV-148

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Eugene Ezenwa Ebem appeals the judgment of the district court granting Appellees' motion to dismiss his complaint seeking to compel

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11150

Appellees to adjudicate his I-485 petition, which had been pending for over 43 months.

Ebem argued that the district court had jurisdiction to hear his claim under both the Administrative Procedure Act and the Mandamus Act; the district court correctly held that 8 U.S.C. § 1252(a)(2)(B)(i) is a jurisdictional bar to its review of decisions regarding adjustment of status applications by the United States Citizenship and Immigration Services under either theory. *See*, *Momin v. Jaddou*, 113 F.4th 552, 558 (5th Cir. 2024) (holding that the jurisdictional bar applies even outside the removal context); *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1126, 220 L. Ed. 2d 422 (2025).

Ebem also brought a due process claim. The district court correctly found that Ebem has no protected interest in adjustment of status proceedings or the interests relating to those proceedings. *See*, *Nyika v. Holder*, 571 Fed. Appx. 351, 352 (5th Cir. 2014) ("Because [plaintiff] had no liberty interest in adjustment of status, there can be no due process violation."); *Ohiri v. Gonzales*, 233 Fed. Appx. 354, 356 (holding there was no liberty interest in right to effective assistance of counsel because there is no liberty interest in adjustment of status); *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017) ("[F]ailure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.") (citation omitted).

Finally, Ebem appeals denial of his motion to amend his complaint and join his wife as a plaintiff—which he filed on September 5, 2025, after his case had been pending for almost one year, and a month after the magistrate judge had issued Findings, Conclusions, and Recommendations. The district court denied the motion to amend, finding that there had been undue delay. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

No. 25-11150

Because we do not find that the district court committed error in its dismissal of Ebem's complaint or denial of the motion to amend, we AFFIRM.